IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALIHANDRO RAY PITTMAN,

    Plaintiff,
v.                                  CASE NO. 1:16-cv-255-MP-GRJ

JAMES E DEVITO, and
HUDSON G DYKES,

    Defendants.
_____/

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C § 1983, ECF No. 1, and seeks leave to proceed as a pauper, ECF No. 2.  The Court finds that leave to proceed as a pauper should be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]

Plaintiff seeks relief in connection with violation of probation proceedings that resulted in his current confinement in the custody of the

---

[1] Because the Court concludes that Plaintiff's claims primarily sound in habeas corpus, the Court will not impose a fee pursuant to the installment-fee provisions of the PLRA.

Department of Corrections.  Plaintiff alleges that he was arrested in November 2015 following a traffic stop and arrest conducted by Defendants, Gainesville Police Officers Hudson Dykes and James Devito.  During the traffic stop, the officers recovered EBT cards and identification that did not belong to Plaintiff.   Plaintiff was charged with violating the conditions of his probation, including by committing a new law violation of unlawful possession of personal identification.  Plaintiff contends that he was falsely arrested because there was no proof that he had used the items for criminal activity.  Plaintiff further alleges that the officers committed perjury during the course of his VOP proceedings, made contradictory statements, engaged in official misconduct by lying in the arrest report and at deposition, and falsified statements and testimony in order to make an arrest.  For relief, Plaintiff seeks to have the charges dropped as well as $20,000 in monetary damages.  ECF No. 1.

A civil rights action is not the proper vehicle for challenging Plaintiff's violation of probation proceedings and current confinement.   "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled

to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is clear that Plaintiff's claims implicate the fact or duration of his present confinement, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

To the extent that Plaintiff believes he is entitled to civil damages in connection with his current conviction, his civil rights claims would be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which prevents state prisoners from pursuing § 1983 actions that, if successful, would necessarily imply the invalidity of a plaintiff's conviction.  Plaintiff seeks damages in connection with his claim that the arresting officers made false statements in the arrest report, committed perjury during the VOP proceedings, and engaged in other misconduct that led directly to Plaintiff's conviction.  Success on these claims would necessarily imply the invalidity of Plaintiff's VOP conviction.  There is nothing in Plaintiff's Complaint, ECF No. 1, that suggests his claims would not be barred by *Heck v. Humphrey*. Plaintiff cannot pursue a civil claim for damages on the grounds alleged in the Complaint, absent a showing that he has successfully obtained relief

from his conviction in state court or in a habeas corpus proceeding.

Accordingly, for the foregoing reasons, it is **ORDERED** that Plaintiff's motion to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice as barred by *Heck v. Humphrey*.

**IN CHAMBERS**, at Gainesville, Florida, this 4th day of October 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.